UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUGCE VAROL,<br><br>                        Plaintiff,<br><br>v.<br><br>DAVID M. RADEL, Los Angeles Asylum Office, Director, U.S. Citizenship and Immigration Services, et al.,<br><br>                        Defendants. | Case No.: 19cv0524 GPC JLB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Dkt. No. 4]** |

On July 11, 2016, Plaintiff filed a form I-589 with the United States Citizenship and Immigration Services (USCIS) to apply for asylum and withholding of removal. (Dkt. No. 1 at 3.) More than three years later, Plaintiff is still waiting to schedule an asylum interview with USCIS and for ultimate adjudication of her asylum application. (*Id.*) She reports that the delays have produced great stress and anxiety and has prompted the filing of this action which requires the Court to determine whether it has the jurisdiction to entertain the case and, if so, whether the law provides Plaintiff a cognizable cause of action. While the Court appreciates the difficulties that Plaintiff has experienced in the course of awaiting a hearing, unfortunately, neither immigration law,

the Administrative Procedures Act (APA) nor the Constitution provide the sought-after remedy.

On March 19, 2019, Tugce Varol ("Plaintiff") filed a complaint for relief in the nature of mandamus to compel David M. Radel, Los Angeles Asylum Office, Director, U.S. Citizenship and Immigration Services; Kirstjen Nielsen, Secretary, U.S. Department of Homeland Security; and William P. Barr, U.S. Attorney General (collectively, "Defendants") to schedule an interview and adjudicate Plaintiff's asylum application. (Dkt. No. 1.) On June 14, 2019, Defendants filed, in response, a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 4.) Subsequently, Plaintiff filed a late response in opposition to the Government's motion on July 4, 2019.[1] (Dkt. No. 7.) On July 12, 2019, Defendants filed a reply to in support of their motion to dismiss. (Dkt. No. 8.)

A hearing on motion was held on September 27, 2019. Having reviewed the moving papers and applicable law, considered the arguments of counsel, and for the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

## Background

On July 23, 2015, Plaintiff, a native and citizen of Turkey, came to the United States as a B-2 visitor. (Dkt. No. 1 at 3.) Department of Homeland Security ("DHS") authorized Plaintiff to remain in the country for a period of six months. (*Id*.) On July 11, 2016, she filed a form I-589 with the United States Citizenship and Immigration Services (USCIS) to apply for asylum and withholding of removal. (*Id*.) On or about September 1, 2016, Plaintiff provided her biometrics to the USCIS per agency direction. (*Id*.) Plaintiff is still waiting to schedule an asylum interview with the USCIS and for ultimate adjudication of her asylum application. (*Id*.)

---

[1] The Court notes that Plaintiff's untimely response was unopposed by Defendants and ultimately accepted by the Court. (Dkt. Nos. 6, 10.)

2

Plaintiff has made multiple attempts to expedite her asylum interview without success. (*Id*. at 4.) Plaintiff claims to have exhausted all available administrative remedies and asserts Defendants have failed to act in accordance with their duties under the law. (*Id*. at 9.) Plaintiff believes Defendants have unreasonably delayed the adjudication of Plaintiff's asylum application. (*Id.* at 9.)

Further, Plaintiff alleges that Defendants have been unable or unwilling to adjudicate her application for asylum and that the agency's system for scheduling asylum applications for interviews is "arbitrary and capricious." (Dkt. No. 1 at ¶¶ 16, 20.) Consequently, Plaintiff seeks relief under the Mandamus Act for violations of the Immigration and Nationality Act ("INA") and the Administrative Procedures Act ("APA"). (Dkt. No. 1 at 9.) Plaintiff also asserts a Due Process claim. (Dkt. No. 1 at 8.) Ultimately, Plaintiff seeks an order to compel the Defendants to schedule an interview and fully adjudicate Plaintiff's asylum application. (*Id*. at 9.)

Defendants have moved to dismiss the complaint on the basis that Plaintiff's complaint lacks subject matter jurisdiction and cannot state a claim for relief. (Dkt. No. 4.)

**Legal Standard**

**A. Federal Rule of Civil Procedure 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of subject matter jurisdiction. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**B. Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to

dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658.

**Discussion**

Defendants have moved to dismiss Plaintiff's Mandamus and APA claims for four reasons. First, under Rule 12(b)(1), Defendants contend that subject matter jurisdiction is improper because 8 U.S.C. § 1158(d) does not provide Plaintiff with substantive or procedural rights before this Court. Second, under Rule 12(b)(6), Defendants argue that Plaintiff cannot state a claim for relief through either the Mandamus Act or the APA because she fails to establish as a matter of law that the time period for processing her application is unreasonable under the present circumstances. Third, Defendants argue that Plaintiff's claim regarding the agency's allocation of resources presents a non-justiciable political question. And finally, Defendants proffer that Plaintiff has failed to state a cognizable due process claim – and even if she had, it would fail. The Court will address these arguments in turn.

**A. Subject Matter Jurisdiction**

Defendants contend this Court lacks subject matter jurisdiction because the INA provides no private right of action. 8 U.S.C. § 1158(d)(7). Plaintiff's primary theory of relief arises from an alleged violation of §§ 1158(d)(5)(A)(ii)-(iii) which, in the absence of exceptional circumstances, requires an initial interview on the asylum application within 45 days and a final administrative adjudication within 180 days after the filing of the application. However, Defendants point out that § 1158(d)(7) precludes a private

5

right of action and further states "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." (Dkt. No. 8 at 2.) Thus, Defendants submit that this Court lacks the required subject matter jurisdiction.

Plaintiff counters that § 1158(d)(7) "merely points out that, given that asylum is discretionary in nature, no applicant can compel the granting of the benefit." (Dkt. No. 7 at 16). Plaintiff explains that an action to compel Defendants to process the application is substantively different than a demand for approval of the asylum application and is not precluded by statute. (*Id.*) As a result, Plaintiff asserts the Court is within its discretion to hear the case and that her claims are not automatically precluded from judicial review. (*Id.*)

Here, Plaintiff alleges Defendants have violated § 1158(d)(5)(A)(ii) by failing to conduct an initial interview in over three years since her application has been pending. However, the INA provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person. *Id.* §1158(d)(7). Repeatedly, courts in the Ninth Circuit that have addressed § 1158(d)(7) have declined to conclude that a private right of action exists. *See Ms. L v. United States Immigration & Customs Enforcement*, 302 F. Supp. 3d 1149, 1168 (S.D. Cal. 2018) ("absent any authority that a private right of action exists [under § 1158(d)(7)], the Court grants Defendants' motion to dismiss this claim"); *Liuqing Zhu v. Cissna*, 2019 WL 3064458 (C.D. Cal. 2019) (finding that asylum applicants lack a private right of action to enforce the timing requirements of § 1158(d)(5)(A)); *Ou v. Johnson*, 2016 WL 7238850 (N.D. Cal. 2016) ("Under § 1158, there is no private right of action.").

However, the Court notes that unlike other subsections of the INA, § 1158(d)(7) does not expressly preclude judicial review. *Compare* § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."); § 1158(b)(2)(D) ("No judicial review."), *with* § 1158(d)(7) ("No private right of action.

Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."). Had Congress intended § 1158(d)(7) to be a jurisdiction-stripping provision, it would have adopted the express language found in § 1158(a)(3) and § 1158(b)(2)(D). Here, such review is not expressly precluded by the statute and if there was any doubt as to Congressional intent, the well-established presumption favors judicial review. *Kucana v. Holder* 558 U.S. 233, 251 (2010) ("We have consistently applied that interpretive guide to legislation regarding immigration, and particularly to questions concerning the preservation of federal-court jurisdiction."). While the statute here denies Plaintiff any private cause of action under the INA, the Court retains subject matter jurisdiction. *See L.M. v. Johnson*, 150 F. Supp. 3d 202, 210 (E.D.N.Y.); *see also Lajin v. Radel*, No. 19cv52-MMA (BLM), 2019 U.S. Dist. LEXIS 125118, at 6 (S.D. Cal. July 26, 2019) (finding that the court possessed subject matter jurisdiction but that Plaintiff did not have a private right of action under INA). In other words, the Court finds that Plaintiff may raise her claim in this Court, but the INA provides her no relief. As a result, in order to proceed in this case, Plaintiff must identify a separate basis for relief.

**B. Failure to State a Claim**

Having found that the INA provides no relief, the Court proceeds to determine whether Plaintiff states a claim under the APA, the Mandamus Act, and the due process clause.

**1. Administrative Procedures Act**

The APA requires an administrative agency to adjudicate matters presented to it within a "reasonable time." 5 U.S.C. § 555(b). A reviewing court has discretion to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). An "'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). A reviewing court can only compel an agency to act "if there is 'a specific,

unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-64 (2004)). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" *Vietnam Veterans*, 811 F.3d at 1075-76 (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010)).

Plaintiff asserts that waiting approximately three years for an interview and adjudication of her asylum application constitutes an unreasonable delay. (Dkt. No. 1 at 9.) Defendants counter that the mere passage of time in processing an I-589 application is insufficient to constitute unreasonable delay.

When determining whether an agency's delay is reasonable, Courts apply the "*TRAC* factors." The *TRAC* factors include:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (quoting *Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)).

The *TRAC* factors applied here favor the Defendants. The first and second factors require the Court to review the USCIS policy regarding asylum review scheduling. The Defendants have explained at length the policy and historical reasons that have driven the changes to the application processing system which now operates as a Last-In-First-Out ("LIFO") system. (Dkt. No. 4.) *TRAC* factor one requires a "rule of reason" for the

8

application system and the Defendants have convincingly asserted that LIFO is "a sensible administrative response to the problem of increased frivolous, fraudulent, or meritless asylum filings that increase the overall caseload and extend wait periods for all applicants." (Dkt. No. 4 at 18).

With respect to the second factor, the Court concludes that Congress has provided a clear timetable for the processing of asylum applications. 8 U.S.C. §§ 1158(d)(5)(A)(ii)-(iii). While the statutory guidelines provide a clear expectation that the initial interview should commence within 45 days – with a final adjudication to be completed within 180 days – the plain language of 8 U.S.C. § 1158(d)(5)(A) clarifies that the timing requirements are not mandatory. Thus, the timetable, while clear, does not outweigh the rule of reason which supports the USCIS policies which have caused the challenged delays. The first factor favors the Defendants and the second factor is neutral.

The third, fifth, and sixth factors favor the Defendants. Plaintiff asserts concerns that delays in adjudicating asylum claims could render even the strongest claims stale and remote. (Dkt. No. 7 at 20.) Furthermore, Plaintiff contends that she is forced to reside without permanent status which is problematic for securing specialized employment, educational opportunities, home purchasing, car purchasing, and other activities. (*Id.*) Further, the delay in processing Plaintiff's application has had a psychological impact. (Dkt. No. 1 at 4.) However, the Court notes Plaintiff continues to reside in the United States pending the processing of her application and is authorized to work pursuant to 8 U.S.C. § 1158(d)(2). Although the Court recognizes the difficulty in waiting for the asylum interview and the processing of Plaintiff's application, the risk to human health and welfare, the potential prejudice of the delay, and the lack of any impropriety behind the delay all favor denial of relief.

Furthermore, Plaintiff concedes that the fourth factor, competing priority, favors the Defendants. (Dkt. No. 7 at 20.) Plaintiff recognizes that advancing her asylum application for interview and adjudication may negatively affect other applicants in a similar position. (*Id.*) Other courts have noted the importance of competing priority in

9

resolving *TRAC* factor analysis ordering that even if all other *TRAC* factors favored relief, it was sufficient to deny relief based on the fourth factor alone. *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (2003); *In re Barr Laboratories, Inc.*, 930 F.2d 72, 75 (1991). Here, granting relief to the Plaintiff simply moves her to the front of the line at the expense of all other applicants who may not have filed an application for mandamus relief. Therefore, this factor, and the overall *TRAC* analysis, weighs against granting relief.

Defendants observe that findings of unreasonable delay in the adjudication of immigration applications have been confined to I-485 applications: *Bayene v. Napolitano*, No. C 12-01149 WHA, 2012 WL 2911838 (N.D. Cal. Jul. 13, 2012); *Kahn v. Johnson*, 65 F.Supp.3d 918 (C.D. Cal. 2014); *Islam v. Heinauer*, 32 F.Supp.3d 1063 (N.D. Cal. 2014). (Dkt. No. 4 at 12.) These I-485 cases are distinguishable and have no bearing on applying the *TRAC* factors to a case concerning an I-589 application. In *Khan* and *Islam*, the courts focused primarily on *TRAC* factor one, concerning the rule of reason, and the government's failure to provide sufficient justification for the delay in adjudicating I-485 applications. *See Islam*, 32 F. Supp. 3d at 1072; *Khan*, 65 F. Supp. 3d at 930. There, the government claimed that the delay was justified by a potential change in policy that may affect the outcome of the I-485 applications at issue, but the courts found that a *potential* change that *may* happen at some uncertain date was not a strong enough rule of reason on which to base an extended delay. Meanwhile, in *Beyene*, the court did not actually find unreasonable delay, noting that the case presented a "close call," but noted that the petitioner, who had been waiting for five years, could bring a new action in a year, at which time the court may issue a different outcome. *Beyene*, No. C 12-01149 WHA, 2012 WL 2911838, at *9. In contrast, the rule of reason offered in the instant case – i.e., the LIFO system – has been enacted to prevent fraud and abuse of the asylum system. And finally, while none of the courts found that the length of the delay alone was sufficient to find unreasonable delay, it is nevertheless worth noting that the Plaintiff here has faced a delay of three years, and the plaintiffs in *Beyene*, *Khan*, and *Islam* faced

delays of at least five years. *See Islam*, 32 F. Supp. 3d at 1071-72 ("[C]ourts have generally found delays of four years or less not to be unreasonable. By contrast, many courts applying the *TRAC* factors have declined to find that delays exceeding six years are reasonable.") (citations omitted).

### 2. Mandamus Act

Mandamus is a remedy governed by equitable considerations and is only granted in the exercise of sound discretion. *Whitehouse v. Ill. C. R. Co.*, 349 U.S. 366, 373 (1955). The Mandamus Act allows a district court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)). Even if the test is met, the district court still retains the discretion to deny relief. *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003).

Here, Plaintiff's claim is not clear and certain. Section 1158(d)(7) of the INA makes clear that no provision of § 1158 is subject to a private right of action against the government. *Ivantchouk v. United States AG*, 417 F. App'x 918, 921 (11th Cir. 2011). Because Plaintiff is not afforded a private right of action against Defendants, she has failed to state a claim for which relief can be granted. As such, the Court concludes that Plaintiff's claim therefore fails the first prong of the Mandamus Act and she is not entitled to relief.

### 3. Due Process

Plaintiff claims that Defendants' changes to the administrative process of adjudicating pending asylum applications violates her due process rights. (Dkt. No. 1 at 8.) Regardless of citizenship, the Due Process Clause of the Constitution protects everyone within the territory of the United States. *Zadvydas v. Davis*, 533 U.S. 678, 693

11

19cv0524 GPC JLB

(2001). They must be afforded the opportunity to "be heard at a meaningful time and in a meaningful manner." *Mathew v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, 'allege some cognizable prejudice fairly attributable to the challenged process.'" *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2nd Cir. 2008) (quoting *Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004)).

Here, the Plaintiff has not suffered a cognizable deprivation of rights because the plain language of § 1158(d)(7) expressly disclaims any substantive or procedural rights under the statute. *See Vang v. Gonzales*, 237 F. App'x 24, 31 (6th Cir. 2007). Furthermore, "the government's delay in scheduling or conducting immigration proceedings does not violate due process." *Id.*; s*ee also Mudric v. AG of the United States*, 469 F.3d 94, 99 (3d Cir. 2006) ("federal immigration laws do not vest in aliens a constitutional right to have their immigration matters adjudicated in the most expeditious manner possible.").

Another court in this district has already rejected a due process challenge to a delay in adjudicating an asylum proceeding. *See Lajin*, 2019 WL 3388363 (S.D. Cal. July 26, 2019). There, the court relied on a Sixth Circuit decision where the court considered the argument that the government's 14-year delay in completing the plaintiffs' asylum proceedings deprived them of due process. *Vang v. Gonzales*, 237 F. App'x 24 (6th Cir. 2007). Specifically, the Sixth Circuit rejected the plaintiffs' reliance on the 45-day timeframe set out in § 1158(d)(5)(A)(ii), noting that the section plainly clarified that there be no substantive or procedural right or benefit. *Id.* In *Lajin*, the court likewise found that a three-and-a-half year delay did not constitute a deprivation of due process. 2019 WL 3388363 (S.D. Cal. July 29, 2019). And finally, the Court notes that other courts have found that even longer delays than what Plaintiff has experienced in the immigration context did not violate a plaintiff's due process rights.

Accordingly, the Court sees no reason to depart from established precedent here and finds that Plaintiff has failed to adequately allege a due process violation.

### 4. Political Question

To the extent Plaintiff raises a political question, "judicial deference to the Executive Branch is especially appropriate in the immigration context." *Ins v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999). Here, Plaintiff argues that, *inter alia*, the asylum application process is flawed, lacks reason, is understaffed, and underfunded. (Dkt. No. 1, 7.) However, it is the sole prerogative of Congress to allocate funds and set funding priorities. *See Siwen Zhang v. Cissna*, No. CV 18-9696-MWF (JCx), 2019 U.S. Dist. LEXIS 130884, at 13 (C.D. Cal. Apr. 25, 2019). Moreover, in light of its rulings on the first three arguments, the Court finds it unnecessary to address the political question argument in further detail. *See also Lajin*, 2019 WL 3388363 ("The Court declines to analyze the political question argument in light of its rulings on the first four arguments.")

### CONCLUSION

Although parties are typically allowed to amend their pleadings, such leniency does not extent to cases in which any amendment would be an exercise in futility. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see also Lajin*, 2019 WL 3388363 (S. D. Cal. July 29, 2019) (dismissing with prejudice a complaint based on similar causes of action and delay in asylum application processing). Based on the reasoning above, the Court concludes that Plaintiff could not feasibly amend her complaint to assert a plausible claim for relief.

The Court **GRANTS** Defendants motion to dismiss and **DISMISSES** Plaintiff's Complaint with prejudice and without leave to amend. The Clerk of Court is instructed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: October 22, 2019

Hon. Gonzalo P. Curiel
United States District Judge